DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-88-FDW

| | |
|---|---|
| CHARLES EDWARD HUMPHRIES, JR., ) ) Plaintiff, ) ) vs. ) ) JIMMY ASHE, et al., ) ) Defendants. ) ) | **ORDER** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint, filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1). On May 8, 2015, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 5). Thus, Plaintiff is proceeding in forma pauperis.

**I. BACKGROUND**

Pro se Plaintiff Charles Edward Humphries, Jr., is a North Carolina prisoner currently incarcerated at Orange Correctional Center in Hillsborough, North Carolina. On May 4, 2015, Plaintiff filed the instant Complaint pursuant to 42 U.S.C. § 1983, alleging that on September 2, 2009, while he was incarcerated as a pre-trial detainee at the Jackson County Detention Center in Sylva, North Carolina, he fell off a ladder at a church while on work detail and was seriously injured.[1] Specifically, Plaintiff alleges that he subsequently had to undergo three separate

---

[1] Plaintiff originally raised the same claims in an action filed in this Court on August 21, 2012, and this Court dismissed the action for failure to exhaust administrative remedies on September 4, 2014. See (Civ. No. 2:12cv66 (W.D.N.C.)). In his Complaint in this action, Plaintiff contends that he filed a grievance on August 18, 2014, directed to the Jackson County Jail Administrator, but that on September 15, 2014, the grievance was returned to him as undeliverable. (Doc. No.

-1-

surgeries on Plaintiff's left arm, "leaving it [about a half inch] shorter with metal plates, screws, permanent scarring, and loss of motion[,] [a]ll of which are permanent disabilities. Plaintiff also suffers from the acute fracture of the L1 vertebrae, and the herniated disc . . . of his lower back. All of which are direct results of Defendants' negligence in providing a safe work environment." (Doc. No. 1 at 20).

Plaintiff also alleges, among other things, that various of the named Defendants were deliberately indifferent to Plaintiff's serious medical needs following the accident. Plaintiff purports to bring claims under the Fourteenth Amendment based on alleged deliberate indifference as well as various state law claims, including negligence. Plaintiff also alleges that he was subjected to involuntary servitude by Defendants Ashe and Hall because he was forced to do a work detail without remuneration while he was a pre-trial detainee. Plaintiff alleges that the Sheriff's work crew was "routinely used to perform of the grounds keeping of the Sheriff's personal church and the pastor's residence." (Id. at 12).

Plaintiff has named as Defendants (1) Jimmy Ashe, identified as the Sheriff of Jackson County[2]; (2) Chip Hall, identified as Chief Deputy with the Jackson County Sheriff's Department; (3) Charles Brandon Hooper, identified as a Jackson County Sheriff's Deputy and "Supervisor of Work Crew"; (4) Matt Helton, identified as a Lieutenant with the Jackson County Sheriff's Department; (5) Sheila Aiken, identified as a Lieutenant with the Jackson County Sheriff's Department; (6) Brian Wellmon, identified as a Sergeant with the Jackson County

---

1 at 3-6). Plaintiff contends that he has taken all measures he can in an attempt to exhaust his administrative remedies.

[2] Defendant Ashe is no longer Sheriff of Jackson County, as Defendant Hall took office as Sheriff on December 1, 2014.

Sheriff's Department; (7) FNU Deweese, identified as a doctor with the Jackson County Detention Center; and (8) Jane Doe, identified as an "unknown lady at church." Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages.

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.  DISCUSSION

At the outset, the Court notes that, on the face of the Complaint, it appears that Plaintiff's claims are barred by the applicable statute of limitations. That is, the applicable statute of limitations for Plaintiff's claims appears to be three years. See Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161-62 (4th Cir. 1991) (holding that N.C. GEN. STAT. 1-52 applies to Section 1983 claims); Manliguez v. Joseph, 226 F. Supp. 2d 377, 386 (E.D.N.Y. 2002) (finding that the state's applicable three-year statute of limitations for personal injuries actions applied to

the plaintiff's claim for involuntary servitude under 18 U.S.C. § 1584). The underlying conduct giving rise to all of Plaintiff's claims appears to have occurred in 2009, and Plaintiff does not appear to allege any type of continuing violation as to his deliberate indifference claim. Rather, the allegations in the Complaint relate to alleged conduct by Defendants in the days and weeks immediately after the 2009 accident. Therefore, before requiring service on all Defendants, the Court will order service on Defendant Hall only, so that Defendant Hall can address whether Plaintiff's action is barred by the applicable statute of limitations. In his response, Defendant Hall shall address, specifically, whether the applicable statute of limitations bars Plaintiff's claims for deliberate indifference to serious medical needs, state law negligence, and involuntary servitude. Defendant Hall may also raise any other affirmative defenses in his response. The Court will address the merits and service on the remaining Defendants after the Court has first considered the statute of limitations issue, as well as any applicable affirmative defenses.

## IV. CONCLUSION

For the reasons stated herein, the Court will direct service of summons on Defendant Hall.

**IT IS THEREFORE ORDERED** that:

(1) The Clerk shall send Plaintiff a summons form to fill out and return to the Court so that service may be made on Defendant Hall. Once the Court receives the summons forms from Plaintiff, the Court will provide the forms to the U.S. Marshal for service on Defendant Hall.

(2) The U.S. Marshal shall then effectuate service on Defendant Hall in accordance with Rule 4 of the Federal Rules of Civil Procedure. The U.S. Marshal is required to use

all reasonable efforts to locate and obtain service on Defendant Hall, Sheriff of Jackson County, North Carolina.

Signed: October 5, 2015

Frank D. Whitney
Chief United States District Judge